United States District Court
Middle District of Florida
Jacksonville Division

LIVE FACE ON WEB, LLC,

 *Plaintiff,*

V.                                                                          NO. 3:16-CV-1068-J-34PDB

ORTEGA CHIROPRACTIC CORP.
& JAMES DIESEN,

 *Defendants.*

_____

## Order

Before the Court is the defendants' motion for relief from the Court's order compelling them to produce documents and response to the plaintiff's notice of their noncompliance with that order. Doc. 42. The plaintiff opposes the motion and requests an award of fees and expenses incurred in preparing the motion to compel, attending the hearing on the motion, preparing the notice of noncompliance with the Court's order, and responding to the defendants' motion. Doc. 43.

On March 3, 2017, the plaintiff moved to compel the defendants to produce financial documents and documents that must be produced under Federal Rule of Civil Procedure 26. Doc. 34. The defendants did not respond to the motion. On March 30, 2017, the Court conducted a hearing on the motion. Doc. 38. The defendants' counsel did not attend. *See* Doc. 38. Before filing the motion, the plaintiff's counsel tried to confer with the defendants' counsel by telephone and email "on multiple occasions" but received no response. Doc. 34 at 7. Presented with no reason to do otherwise, the Court granted the motion to compel and directed the defendants to produce the requested documents by April 10, 2017. Doc. 39. The Court stated,

"Failure to comply with [the] order will result in an order to show cause why sanctions should not be entered against the defendants or their counsel." Doc. 39 at 3.

On April 11, 2017, the plaintiff filed a notice informing the Court the defendants had failed to provide the documents as directed. Doc. 40. The plaintiff also filed a notice informing the Court that the parties had been unable to resolve the case at the March 14, 2017, mediation. Doc. 41. Later that day, the defendants filed the motion before the Court. Doc. 42.

The defendants argue they should be relieved from complying with the Court's order compelling production of documents because (1) they and their counsel believed the case either had been resolved or was close to being resolved, and (2) they have no responsive documents. Doc. 42 at 2–3. They assert the plaintiff moved to compel after the parties had attended mediation and without contacting their counsel on the telephone number she had provided. Doc. 42 at 1. They point to their counsel's voluntary efforts above what was required of her to attempt to settle the case, including agreeing that the defendants "would *not* move forward and seek a ruling on the Motions to Dismiss the Amended Complaint (as pled)." Doc. 42 at 3 (emphasis in original). They assert the plaintiff was and is aware they do not have "any of the information specifically sought because the computer systems/hardware and software[ ] have been removed or otherwise disposed of since 2010." Doc. 42 at 2. They assert their responses to the relevant discovery requests were "none." Doc. 42 at 3. They state their counsel had informed the plaintiff's counsel at mediation that the defendants would check to make sure they had no other responsive documents or information. Doc. 42 at 2.

The plaintiff responds the defendants' reliance on confidential settlement discussions is inappropriate; in any event, the case remains unresolved; it filed the motion to compel before—not after—mediation, and the defendants' counsel was aware of the motion to compel; its counsel had attempted on several occasions to confer both before filing the motion and to schedule a hearing on the motion; the

responses to the discovery requests at issue did not indicate the defendants had no responsive documents; and the "belated argument" that they have nothing to produce "is not credible." Doc. 43 at 2–3.

The defendants' arguments do not warrant relief from the previous order. Their counsel's belief that the case was "mov[ing] toward resolution," *see* Doc. 42 at 3, however sincere, is irrelevant. The case did not resolve at mediation, and counsel offers no justification for any belief that the motion to compel—filed before mediation—was moot. Indeed, that the Court rescheduled the hearing on the motion to compel after the parties had participated in mediation, *see* Doc. 36, should have indicated the issue remained.

The representation that the defendants have no responsive documents is insufficient. Contrary to their assertion, the defendants' responses to the requests for production at issue in the motion to compel—numbers 34 through 36—were not "None" but instead were objections asserting the requests sought irrelevant information. *See* Doc. 34-1 at 8. Likewise, the plaintiff's counsel represented during the hearing on the motion and in the motion itself that the defendants had identified but failed to produce documents required to be disclosed under Federal Rule of Civil Procedure 26(a)(1)(A)(iii)–(iv). The Court cannot compel the defendants to produce nonexistent documents, but to the extent they do not have responsive documents, they must supplement their discovery responses and initial disclosures to reflect that fact.

The Court **denies** the defendants' motion for relief from the Court's order compelling production of documents, Doc. 42.

If a court grants a motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P.

37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i–iii). Nondisclosure, a response, or an objection is substantially justified if reasonable people could differ on its appropriateness. *Maddow v. Procter & Gamble Co., Inc.,* 107 F.3d 846, 853 (11th Cir. 1997). Additionally, if a party "fails to obey an order to provide or permit discovery, … the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).\* "Instead of or in addition to [one of the orders listed in Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

---

\*Specifically, a court may enter an order: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

The Court **directs** the defendants, by **June 9, 2017**, to show cause, if any, why the Court should not require them or their counsel to pay the plaintiff's reasonable expenses incurred in bringing the motion to compel or take other action against them for failure to comply with the order.

**Ordered** in Jacksonville, Florida, on May 22, 2017.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Counsel of record